Calvin Eugene NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60371.

Court of Criminal Appeals of Texas, Panel No. 1.

March 11, 1981.

Michael Byck, Dallas, for appellant.

Henry Wade, Dist. Atty., T. Michael Sutton, Asst. Dist. Atty., Rick Russell and Mike Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

### OPINION

ODOM, Judge.

This is an appeal from a conviction for rape of a child. Punishment was assessed at fifteen years.

In his first two grounds of error appellant argues reversible error is presented by violation of Art. 38.11, V.A.C.C.P., when his wife was permitted to testify against him. That statute provides:

"Neither husband nor wife shall, in any case, testify as to communications made by one to the other while married. Neither husband nor wife shall, in any case, after the marriage relation ceases, be made witnesses as to any communication made while the marriage relation existed except in a case where one or the other is on trial for an offense and a declaration or communication made by the wife to the husband or by the husband to the wife goes to extenuate or justify the offense. The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with nonsupport of his or her spouse or minor child."

The victim in this case was the twelve year-old daughter of appellant and the spouse-witness. In *Garcia v. State*, Tex.Cr. App., 573 S.W.2d 12, an appeal from a conviction for indecency with a child, we decided a similar issue. We held that the provision of Art. 38.11, supra, allowing the spouse of a defendant to voluntarily testify for the prosecution "in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age" allowed the spouse to testify in that case. The test under this provision was expressed this way:

It appears that the question of whether an offense 'involves' any grade of assault does not depend upon the allegations in the charging instrument but must be determined from the facts and circumstances in the particular case."

The facts in *Garcia*, supra, showed that the defendant had forced his thirteen year-old daughter to masturbate him. We therefore held:

"This testimony outlines a fact situation which would constitute an assault under V.T.C.A. Penal Code, Section 22.01 which provides in part:

" '(a) A person commits an offense if he:

\*    \*    \*    \*    \*    \*

" '(3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.'

"Even though this conduct would only be a Class C misdemeanor under the provisions of Section 22.01, supra, it is also clear that the instant case is one 'involving' a grade of assault committed by the appellant against the child of the witness who was under 16 years of age. Therefore, we conclude that the wife was a competent witness in this case."

We must decide whether the offense in this case "involved" an assault of any grade, and thus allowed admission of the wife's testimony. V.T.C.A., Penal Code Sec. 22.01 defines assault in these terms:

"(a) A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse; or

"(2) intentionally or knowingly threatens another with imminent bodily injury, including his spouse; or

"(3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative."

"Bodily injury" is defined in V.T.C.A., Penal Code, Sec. 1.07(a)(7) as "physical pain, illness, or any impairment of physical condition."

■ The physician who examined the victim after the rape testified to lacerations of her sexual organs of recent origin and consistent with forcible rape. The circumstances support the inference that appellant's conduct caused that impairment to her physical condition. We accordingly find that the facts of this rape of a child involved assaultive conduct under Sec. 22.01(a)(1), supra, and therefore hold the wife could voluntarily testify against appellant under the terms of Art. 38.11, supra. The first two grounds of error are overruled.

■ Appellant next contends he should have been prosecuted for incest, V.T.C.A.,

Penal Code Sec. 25.02, instead of rape of a child, V.T.C.A., Penal Code Sec. 21.09, because the former is the more specific provision. Cf. *Ex parte Harrell*, Tex.Cr.App., 542 S.W.2d 169; *Clark v. State*, Tex.Cr. App., 577 S.W.2d 238. We find the two statutory provisions are not addressed to the same subject matter, and that incest is not a more specific criminalization of conduct covered by rape of a child. Although appellant's conduct violated both statutes, this is not sufficient to show the statutes condemn the same conduct in a manner that makes one a general case and the other a special case. When the *relationship* between the accused and the complainant are looked to, incest may appear to be the more specific, but when the age requirement is looked to, rape of a child would appear to be the more specific. The elements of the two offenses are such that each has its unique requirements for culpability, and in some instances, such as this case, the same conduct will violate both. The ground of error is overruled.

■ Finally, appellant complains of jury argument. On the basis of a question asked on cross-examination of one of appellant's reputation witnesses, the prosecutor argued:

"... old Calvin here, old law-abiding Calvin whose witness didn't know, hadn't heard rather, hadn't heard that he committed an attempted robbery—"

Although the argument should not have been made, the objection was sustained and the jury was instructed to disregard. We do not feel a mistrial was required. See *Simmons v. State*, Tex.Cr.App., 504 S.W.2d 465. The ground of error is overruled.

The judgment is affirmed.