Guadalupe "Lupe" PINA, Appellant,

v.

The STATE of Texas, State.

No. 2–85–180–CR.

Court of Appeals of Texas,
Fort Worth.

April 23, 1986.

David Bays, Danny D. Burns, Fort Worth, for appellant.

Jerry Cobb, Jim E. Crouch, Denton, for State.

Before FENDER, C.J., and JOE SPUR-LOCK, II and HILL, JJ.

OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of the offense of aggravated sexual abuse of a child (who was his daughter) under former TEX. PENAL CODE ANN. sec. 21.10. Penal Law Reformation Act, ch. 399, sec. 21.10, 1973 Tex.Gen. Laws 883, 918, repealed by Acts of Sept. 1, 1983, ch. 977, sec. 12, 1983, Tex.Gen. Laws 5311, 5321. His punishment was fixed at thirteen years. He now complains that he was erroneously charged with aggravated sexual abuse of a child when the proper charge should have been incest. He also complains of improper jury argument.

We affirm.

Since no error is claimed as to the sufficiency of the evidence it will not be necessary to set out or even summarize the explicit and extremely unpleasant facts of the case other than to say that the evidence was ample to support either of the two named offenses as well as others not alluded to by appellant.

In his first ground of error appellant states:

The trial court erred in submitting the cause as an aggravated sexual assault when the crime is covered by the more specific statute regarding incest.

Appellant admits from the outset that the Court of Criminal Appeals has specifically held against his position in the case of *Nelson v. State*, 612 S.W.2d 605 (Tex.Crim. App.1981). He asks us to overrule our supervisory brethren because, since *Nelson* was decided, the legislature has recodified former sec. 21.10 of the Texas Penal Code and listed the offense stated thereunder as one type of sexual assault under sec. 22.-011, thereby making such offense a "general" statute while leaving incest as a "specific" statute.

We decline this invitation and continue to adhere to the principle set forth in *Nelson,* as follows:

> When the *relationship* between the accused and the complainant are looked to, incest may appear to be the more specific, but when the age requirement is looked to, rape of a child would appear to be the more specific. The elements of the two offenses are such that each has its unique requirements for culpability....

*See id.* at 607. *See also Martinez v. State,* 662 S.W.2d 393 (Tex.App.—Corpus Christi 1983, pet. ref'd).

The two offenses, although they may be committed by the same conduct, are statutorily distinct. *See Martinez,* 662 S.W.2d at 395. Ground of error number one is overruled.

 In his other ground of error appellant asserts that the trial court erred in allowing the prosecutor to state during the argument on punishment that:

> [T]he laws are designed to protect the innocent, not the guilty. This defendant had a lot of rights and he has exercised them in this trial and we don't begrudge him that. But now—....

At that point appellant objected.

Appellant urges that such argument is critical of the defendant's demand for a jury trial and the safeguarding of his constitutional rights, citing *Perkins v. State,* 630 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd) and *Cook v. State,* 537 S.W.2d 258 (Tex.Crim.App.1976). We need not distinguish these cases nor need we characterize this statement as a plea for law enforcement as urged by the State. We see no infirmity in the truism that the laws of this state (and nation) are *designed* to protect the innocent, not the guilty. If, in the vigorous protection of the innocent, we have occasion to free the guilty from time to time, this does not change the reason for enacting such laws. A government which designed its laws to protect the guilty would quickly descend into anarchy. Further, we find nothing in the argument complained of which recommends or under-

takes the denial of any *right* customarily afforded to all persons charged with crime. The second ground of error is overruled.

The judgment of the trial court is affirmed.