Paul BRAUGHTON, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–510–CR.

Court of Appeals of Texas, Corpus Christi.

March 24, 1988.

Rehearing Denied May 5, 1988.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty's Office, Edinburg, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant was found guilty by a jury of aggravated sexual assault in violation of Tex.Penal Code Ann. §§ 22.011(a)(2)(A), 22.-021(a)(5). The trial court assessed punishment at twenty-five years in the Texas Department of Corrections. We affirm.

Appellant was charged in one indictment consisting of two paragraphs. Omitting the formal provisions, the first paragraph of the indictment charged that the appellant, "on or about the 12th day of May, 1984, in Hidalgo County Texas, did intentionally and knowingly cause his sexual organ to penetrate the vagina of L__M__B__, a child younger than 17 years of age and not the spouse of said Paul Braughton, Sr. and the said L__M__B__ was then and there younger than 14 years of age." The second paragraph of the indictment was identical to the first except

that it charged that the appellant "intentionally and knowingly cause[d] his sexual organ to penetrate the anus" of the same minor.

The evidence reveals that the appellant is the natural father of the victim, who at the time of trial was an 11–year-old girl. She testified to a number of sexual encounters with her father, the appellant, beginning when she was four or five, living in Donna, Texas, when the appellant would grab her genitals. When she was seven or eight living with her father in San Antonio, he would have intercourse with her. In May of 1984, she was living in Edinburg with her mother, who was divorced from appellant. The father would come to Edinburg to visit her and her brother about once a month and stay in the Frontier Motel with the children while visiting. The victim testified that she would be sexually abused by the appellant each time he would visit her. The last time it occurred was at the Frontier Motel the day before Mother's Day in May, 1984. The victim testified that at that time the appellant had both vaginal and anal intercourse with her. Looking at a calendar, she had identified Mother's Day, 1984, as May 13.

Other witnesses testifying for the State were the child's school teacher, to whom the child complained of being sexually abused, a school counselor, classmates of the child, a juvenile officer, a social worker, a physician who conducted a medical examination, a clinical psychologist, and the brother of the victim and son of the appellant, Mathew Braughton.

Defense presented several witnesses. The first two, the present wife of appellant and her adult son, testified that the appellant was at his home in San Antonio over the Mother's Day weekend in 1984, consisting of May 11 through 13. Appellant testified denying ever having any sexual relations with his daughter and denied coming to Edinburg on the weekend of May 12, 1984. He did admit, however, that he visited Edinburg and saw his daughter on the previous weekend of May 6. Both the appellant and his present wife testified as to his sexual impotency, and extensive medi-

cal evidence consisting of records and physicians' testimony was introduced as to his sexual dysfunction. A physician, Dr. Mazur, a urologist with Willford Hall Medical Center, testified that the appellant had an erectile dysfunction as well as Peyronie's plague, which results in a painful distortion of the penis during an erection. Dr. Mazur testified that the appellant had suffered from Peyronie's disease since 1982.

In appellant's first three points of error, he contends the trial court erred in not requiring the State to elect between the two allegations set forth in the indictment, citing *Crocker v. State*, 573 S.W.2d 190 (Tex.Crim.App.1978); *Crawford v. State*, 696 S.W.2d 903 (Tex.Crim.App.1985); *Drew v. State*, 719 S.W.2d 388 (Tex.Crim.App.—Houston [1st Dist.] 1986, no pet.).

We find these cases inapplicable. In the present case, the indictment alleged the commission of one offense, aggravated sexual assault, through two different means, anal and vaginal penetration. An indictment may contain as many paragraphs as are necessary to allege the various manners and means of committing the one alleged offense. *Callins v. State*, —— S.W.2d —— (Tex.Crim.App.1986) (not yet reported). The State need not elect between various theories alleged and the jury may consider all theories and return a general verdict of guilty. *Cook v. State*, 741 S.W.2d 928 (Tex.Crim.App.1987) (not yet reported); *Franklin v. State*, 606 S.W.2d 818, 821 (Tex.Crim.App.1979).

*Crawford* stands for the proposition that when there is evidence of a number of sexual transactions, any one of which support the allegations of the indictment, the State must elect upon which event it is relying to support the conviction. No complaint was made to the trial court of a *Crawford*-type election. Rather, the only complaint below is that the State must choose which paragraph of the indictment it is going to take to the jury. The State was not required to elect between the two theories of the offense alleged in the indictment. *Franklin*, 606 S.W.2d at 821. The first, second, and third points of error are overruled.

In his fourth and fifth points of error, appellant complains that the trial court erred in failing to charge the jury that it could convict appellant on only one offense. The trial court authorized the jury to convict appellant of the offense of aggravated sexual assault if the evidence showed either vaginal or anal penetration. The jury was instructed to find appellant either guilty or not guilty of the offense and it returned a general verdict of guilty. The trial court authorized only one conviction. It did not err in refusing the requested instruction. *Franklin*, 606 S.W.2d at 818. Appellant's fourth and fifth points of error are overruled.

In his sixth and ninth points of error, appellant argues that the trial court erred in not instructing the jury on the lesser included offense of indecency with a child.

In order for such an instruction to be required, it is necessary that indecency with a child be a lesser included offense of aggravated sexual assault under the allegations and facts presented. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981).

Indecency with a child is proscribed in Tex.Penal Code Ann. § 21.11 (Vernon Supp.1988) and may be committed by sexual contact with the child or by exposing one's genitals, knowing the child is present, with the intent to arouse or gratify sexual desire. "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another with the intent to arouse or gratify one's sexual desire. Tex. Penal Code Ann. § 21.01(2) (Vernon Supp. 1988).

Appellant relies on *Cunningham v. State*, 726 S.W.2d 151 (Tex.Crim.App.1987) for the proposition that indecency with a child is a lesser included offense of sexual assault. However, in order to determine if one crime is a lesser included offense, one must examine not only the statutory requirements of the two offenses, but also the facts of the case. *Day v. State*, 532 S.W.2d 302, 315–16 (Tex.Crim.App.1976).

The evidence which arguably raises indecency is the child's testimony that, on occa-

sions other than the times when she was penetrated, the appellant would touch her genitals and do nothing else, while she slept with him. The State did not elect to base its conviction only on the incident which occurred on Mother's Day week-end at the Frontier Motel, and the jury was instructed that it could convict appellant of aggravated sexual assault if it found that the offense had occurred at any time within five years prior to the presentment of the indictment.

Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981) states criteria to determine whether an offense is lesser included under a more severe one. Subsection 1 states that an offense is a lesser offense if "it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged." Therefore, indecency by touching is a lesser included offense of the penetration alleged only if it is established by less than all the facts required to establish the commission of the primary offense. The elements of the "offense charged" must be looked to on a case-by-case basis and not just the language of the statute. *Hazel v. State,* 534 S.W.2d 698 (Tex.Crim.App.1976).

As stated in *Bell v. State,* 693 S.W.2d 434 (Tex.Crim.App.1985):

A given section of the Penal Code may define more than one way in which an offense can be committed. An allegation that an offense has been committed in one way may include a lesser included offense, while an allegation that the offense was committed in another way would not include the lesser offense.

Here, the State alleged that appellant penetrated the child's vagina and anus with his penis in Hidalgo County. There is no evidence that appellant merely contacted the child's vagina or anus with his penis. Such would raise an issue of indecency because it would be established by the same or less than all the facts required to establish sexual assault as alleged. *See Cunningham v. State,* 726 S.W.2d 151. In the instant case, the touching of the child's genitals by appellant's hand requires proof different from that required to establish sexual assault as alleged. *See Martinez v. State,* 599 S.W.2d 622 (Tex.Crim.App.1980) (contact between appellant's penis and anus of another not a lesser offense of sexual abuse by contact of the genitals of one person and the mouth of another person.) The evidence, considered with the allegations of the indictment here, does not raise indecency as a lesser included offense of aggravated sexual assault. Appellant's sixth and ninth points of error are overruled.

Appellant argues in his seventh and eighth points that the court's charge failed to include a proper verdict form or instruction limiting the jury to returning a verdict on only one offense. For the reasons stated above for the overruling of points four and five, points seven and eight are overruled.

In his tenth through thirteenth points of error, appellant contends that the trial court erred in allowing Dr. Petra Diaz to testify that the child victim told her that appellant had penetrated her vagina. Appellant argues that the testimony was hearsay which did not qualify for admission under Texas Rules of Criminal Evidence 803(4). Dr. Diaz testified that she was a clinical psychologist who was referred patients by the Department of Human Services. Her job was to counsel or offer therapy to victims and perpetrators of child abuse. She saw the victim here professionally approximately fourteen times. Dr. Diaz testified at length and, on at least four occasions on direct examination, stated the victim told her that appellant had intercourse with her. The appellant objected to the testimony once and was overruled, but did not object on the three additional occasions. Moreover, Dr. Diaz testified to the same facts at least twice while being cross-examined by appellant's counsel.

■ Generally, one must object every time allegedly inadmissible evidence is offered at peril of waiving the objection. *Hudson v. State,* 675 S.W.2d 507 (Tex. Crim.App.1984); *Baker v. State,* 649 S.W. 2d 326 (Tex.App.—Corpus Christi 1983, no pet.). Under the circumstances, appellant

has not preserved his complaint for review. Points of error ten through thirteen are overruled.

In points of error fourteen through twenty-three, appellant complains of testimony that was introduced without objection from appellant's counsel. In the absence of objection, nothing is presented for review. *Daniel v. State*, 668 S.W.2d 390 (Tex.Crim. App.1984). Points of error fourteen through twenty-three are overruled.

In his twenty-fourth point of error, appellant contends that the indictment is fundamentally defective because it improperly joins two separate, nonproperty offenses in a single indictment. As noted above, the indictment does not allege two offenses, but rather, two means of committing the same offense. Thus, the indictment is not defective. *Franklin*, 606 S.W.2d at 818. Appellant's twenty-fourth point of error is overruled.

In his twenty-fifth and twenty-sixth points of error, appellant argues that he should have been prosecuted for the third degree felony of incest rather than the first degree felony of aggravated sexual assault. He argues that incest is a more specific statute than aggravated sexual assault and that specific statutes control over general ones.

■ However, in *Nelson v. State*, 612 S.W.2d 605 (Tex.Crim.App.1981), the Court of Criminal Appeals, in addressing the question of whether an appellant should have been prosecuted for incest rather than rape of a child on the same basis, held that although the elements of the two offenses are such that each has its unique requirements for culpability, incest is not a more specific criminalization of conduct covered by rape of a child. *Nelson*, 612 S.W.2d at 607. Accordingly, appellant's twenty-fifth and twenty-sixth points of error are overruled.

In points of error twenty-seven through thirty-four, appellant contends that he was denied effective assistance of counsel because counsel did not object to evidence complained of above in points of error fourteen through twenty-three. The standard for judging error and counsel's effective-

ness in both the Federal and State Constitutions is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986).

■ The evidence admitted without objection and now alleged to show ineffective assistance was hearsay testimony concerning the sexual assault or evidence relating to the believability of the child's claims. While counsel should have objected to some of the evidence which appellant complains of, the hearsay testimony is cumulative of other evidence properly introduced, and is arguably harmless.

■ To gain a reversal, a defendant must show that counsel failed to render reasonably effective assistance, although not errorless assistance, and that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Hernandez*, 726 S.W.2d at 55. In judging counsel's performance, the reviewing court's attention is directed to the totality of the representation rather than to isolated failures or omissions, except in certain limited situations. *See Ingham v. State*, 679 S.W.2d 503 (Tex. Crim.App.1984).

Counsel conducted a spirited defense, presenting witnesses, both expert and lay, as to appellant's impotency and other sexual problems. The jury had the opportunity to view both the victim and the appellant while testifying, other testimony concerning the victim's outcry, as well as appellant's alibi and medical testimony. Viewed in the light of all the other evidence, the presence of the improper evidence complained of here does not raise a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Accordingly, appellant's twenty-seventh through thirty-fourth points of error are overruled.

The judgment of the trial court is affirmed.