Charles Richard WOODEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–95–00194–CR.

Court of Appeals of Texas,
El Paso.

Aug. 15, 1996.

Nancy L. Hart, Midland, for Appellant.

Al W. Schorre, Jr., District Attorney of Midland County, Midland, for State.

Before LARSEN, McCLURE, and CHEW, JJ.

### OPINION

LARSEN, Justice.

This is an appeal from a conviction for the offense of aggravated robbery. After the jury found the appellant Charles Wooden guilty, the trial court sentenced him to forty years' confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm the conviction.

### APPLICABLE LAW

All of the points of error in this case are based on the admission of an unadjudicated extraneous offense pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon Supp. 1996) at the punishment stage of the trial. More specifically, Wooden's complaints stem

from the notice and admissibility requirements found in art. 37.07, § (3)(a) and (g). Article 37.07, § (3)(a) states, in pertinent part:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.... TEX.CODE CRIM. PROC.ANN. art. 37.07, § (3)(a) (Vernon Supp.1996).

TEX.CODE CRIM.PROC.ANN. art. 37.07, § (3)(g) provides, in pertinent part:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act.... TEX.CODE CRIM.PROC.ANN. art. 37.07, § (3)(g).

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction. TEX. R.CRIM.EVID. 404(b).

On May 16, 1995, approximately two weeks prior to trial, Wooden filed his "Request for Notice by State of Intention to Introduce Evidence of Extraneous Crimes or other Bad Acts of Defendant." On May 18, 1995, Wooden filed a pleading titled: "Defendant's Objection to the Introduction of Evidence of Other Criminal Conduct Pursuant to Article 37.07(3) Texas Code of Criminal Procedure Together with a Motion in Limine." In his Objection, Wooden noted that the state had given notice of its intention to introduce evidence of extraneous criminal activity at the punishment phase of trial and urged the trial court to prevent the state from introducing any evidence of unadjudicated offenses at either the guilt or punishment phase of the trial. The trial court heard Wooden's request during a pretrial hearing on May 25, 1995.

At the hearing, Wooden asked the trial court for an advance ruling on punishment admissibility of evidence that he had solicited several men to have sex with his thirteen-year-old mentally handicapped daughter in exchange for money. Wooden had been indicted, but not tried, for the solicitation offense at the time of the pretrial and trial of this case. Paraphrasing Wooden's arguments at the pretrial hearing as we understand them, he requested a pretrial ruling because he could not effectively voir dire the jury, or determine whether to go to the jury for punishment, without knowing whether the trial court intended to allow the extraneous offense evidence at punishment. Apparently, Wooden perceived himself in a Catch-22. If, on the one hand, the evidence were to be admitted, Wooden argued that it is essential that he voir dire the prospective jurors on their attitudes toward the extraneous offense. On the other hand, if the evidence were not to be admitted, voir dire on extraneous offenses would unnecessarily "poison" the jury toward Wooden. Wooden therefore argued that unless he knew, before trial, whether the evidence would be admitted, he could not effectively voir dire the jury and he would be forced involuntarily to waive his right to have the jury assess punishment. At the close of the hearing, the trial court found that "at this point in time" he was "inclined to allow that evidence in as being relevant." On May 30, 1995, the trial court signed an

order denying Wooden's objection to the punishment evidence. Throughout trial, Wooden continued to object to the proceedings on the ground that the trial court failed to rule far enough in advance of trial to allow him adequate time to evaluate the impact of the unadjudicated offense on his defense and punishment.

### DISCUSSION

■■ In his Points of Error One–A, Two, Three, Four, and Five, Wooden alleges respectively that: the state failed to give timely notice of its intent to introduce the unadjudicated extraneous offense; the trial court failed to consider whether the state had proved the unadjudicated offense beyond a reasonable doubt in making its pretrial ruling; the state's notice of intent to use the unadjudicated offense failed to state the date, the county, and the name of the victim of the unadjudicated offense as required by TEX. CODE CRIM.PROC.ANN. art. 37.07, § (3)(g); the trial court erred in admitting the evidence of the unadjudicated offense at trial because the state failed to prove that it occurred beyond a reasonable doubt; and, the trial court erred in admitting the evidence of the unadjudicated offense because its probative value was outweighed by prejudice. Wooden does not direct us to any point in the record where he preserved these complaints. We have nevertheless thoroughly reviewed the record and we are unable to find that any of the complaints raised in each of the above points of error were raised at trial, or at the pretrial hearing.[1] To preserve error, the complaint on appeal must comport with the objection lodged at trial. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990); *Van Zandt v. State*, 932 S.W.2d 88 (Tex.App.—El Paso, 1996, pet. ref'd). We find that the errors, if any, are waived. Accordingly, we overrule Points of Error One–A, Two, Three, Four, and Five.

In Point of Error One–B, Wooden claims that TEX.CODE CRIM.PROC.ANN. art. 37.07, § (3) is unconstitutional to the extent it does not require the trial court to rule on the admissibility of unadjudicated offenses within a "reasonable time" prior to trial. Wooden alleges that the trial court's failure to rule within a "reasonable time" prior to trial in this case deprived him of an adequate opportunity to evaluate the extraneous offense evidence in terms of his sentencing election and thereby rendered his waiver of the jury for sentencing involuntary. Because it rendered his punishment election involuntary, the statute violated Wooden's right to a jury trial under the federal and state constitutions.

■ As a preliminary matter, we note that we find no language in the statute, and no case law interpreting the statute, requiring a pretrial ruling at all. Even though Wooden received a pretrial ruling, he nevertheless argues that art. 37.07 unconstitutionally restricted his right to a jury trial in this case because it failed to require that the trial court make a ruling adequately in advance of trial. Wooden does not suggest what time frame would be constitutionally adequate, he merely asserts that the trial court's ruling in this case was not timely. Wooden, however, failed to request notice of the state's intent to use extraneous offenses until two weeks prior to trial. He did not request any type of ruling from the trial court until he filed his Objection on May 18, twelve days before trial. He received a hearing, and a ruling from the bench, within a week of his request. Even assuming that Wooden were constitutionally entitled to a ruling within a reasonable time prior to trial, we find the ruling in this case was made within a reasonable time considering the time of Wooden's request.

■■ Turning now to our legal consideration of Wooden's point, we find it to be without merit. The state and federal constitutional right to a trial by jury does not extend to the right to have a jury assess punishment. *Tinney v. State*, 578 S.W.2d 137, 138 (Tex.Crim.App.1979); *Bullard v. State*, 548 S.W.2d 13, 19 (Tex.Crim.App. 1977); *Cameron v. State*, 925 S.W.2d 246, 250 (Tex.App.—El Paso, 1995, no pet.). Thus, the statute's impact, if any, on Wooden's punishment election did not involve a consti-

---

1. Although Wooden's counsel makes several references to a running objection on grounds previ- ously stated, we cannot find any initial objection comporting to the points of error on appeal.

tutional right. The statute therefore cannot be unconstitutional on the ground Wooden asserts.[2] Accordingly, we overrule Point of Error One–B.

## CONCLUSION

Having considered and overruled each of Wooden's points of error, we affirm the judgment of the trial court.

2. There is a statutory right to elect jury punishment, but Wooden does not claim on appeal that his statutory rights were violated. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 2(b)(Vernon Supp. 1996).