Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARIO MILLER, A/K/A MARIO
ARTURO MILLER, III, A/K/A
ARMENDARIZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00099-CR


Appeal from the 


205th District Court


of El Paso County, Texas


(TC# 20010D05002)


MEMORANDUM OPINION


 Mario Miller entered an open plea of guilty to aggravated sexual assault of a child. 
He was convicted and sentenced by the trial court to forty-five years in prison.

 In two points of error, Miller argues that the trial court erred by allowing a witness
at the punishment hearing to testify that he committed several extraneous offenses,
including a previous sexual assault on another child. We conclude that these issues are
not preserved for review. Accordingly, we affirm the trial court's judgment.

Previous Sexual Assault

 Only one witness testified at the punishment hearing. She recounted what another
child told her about being sexually assaulted by Miller. In his first point of error, Miller
argues that this testimony was inadmissible hearsay because it did not fit within the
exception for "outcry" evidence. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
Supp. 2003).

 The prosecutor initially asked the witness whether the child "ma[d]e any
statements" to her. Defense counsel immediately lodged a hearsay objection, which the
court overruled. The witness responded that the child did make some statements and, in
further response to the prosecutor's questions, the witness described the circumstances in
which the statements were made. The prosecutor then asked the witness, "What did [the
child] tell you that . . . Mario Miller[] had done . . . ?" Defense counsel made no
objection to this question. The witness proceeded to describe, without objection, the
details of the sexual assault reported by the child. Later on during her direct examination,
the witness made additional references to this sexual assault without objection.

 To preserve error in the admission of evidence, a party must make a timely
objection to the evidence and obtain a ruling on the objection. See Tex. R. App. P.
33.1(a); Tex. R. Evid. 103(a)(1); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim.
App. 1991). Furthermore, a party generally must object every time inadmissible evidence
is offered. Ethington, 819 S.W.2d at 858.

 Although Miller objected to the question about whether the child made any
statements to the witness, he did not object to the questions that actually elicited the
statements. We therefore conclude that any error in the admission of these statements is
not preserved. See Braughton v. State, 749 S.W.2d 528, 531-32 (Tex. App.--Corpus
Christi 1988, pet. ref'd) (holding that error was not preserved when defendant objected
once to hearsay testimony, but failed to object on three other occasions when same
witness gave the same testimony); see also Missouri Pac. R.R. v. Brown, 862 S.W.2d 636,
638 (Tex. App.--Tyler 1993, writ denied) (holding that error was not preserved because
defendant failed to object when evidence was offered, even though defendant had
previously objected when plaintiff indicated he would offer the evidence). Miller's first
point of error is overruled.

Other Extraneous Offenses

 In addition to her testimony regarding the sexual assault, the witness also testified
that Miller committed several other extraneous offenses. Specifically, she testified that
Miller abused drugs and alcohol, that he was a thief and a gang member, that he was
physically abusive toward her, that he was arrested for unlawfully carrying a weapon
while attempting to execute a plan to rob a bank, and that he dated a fourteen-year-old girl
when he was twenty-five. The witness also testified that she was with Miller when he
committed the offenses of evading arrest, criminal mischief, and failure to identify. In his
second point of error, Miller argues that this testimony was inadmissible because it was
unreliable and because the extraneous offenses were not proven beyond a reasonable
doubt. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2003).

 At the punishment hearing, Miller's only objection to the witness's testimony was
the hearsay objection mentioned in our discussion of his first point of error. Miller did
not make a contemporaneous objection to any of the testimony regarding extraneous
offenses. Accordingly, any error in the admission of this testimony is not preserved. See
Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1); Ethington, 819 S.W.2d at 858; see also
Wooden v. State, 929 S.W.2d 77, 79 (Tex. App.--El Paso 1996, no pet.) (holding that any
error in admission of extraneous offense evidence was not preserved because argument
raised on appeal was not raised at trial). Miller's second point of error is overruled.

Conclusion

 For the reasons stated herein, the judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

June 12, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)