

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00355-CR

DALE EDWARD HINES JR. A/K/A          APPELLANT
DALE E. HINES JR.

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In three points, Appellant Dale Edward Hines Jr. a/k/a Dale E. Hines Jr. appeals from his conviction for burglary of a habitation with intent to commit assault. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Hines was charged with one count of burglary of a habitation with intent to commit sexual assault, one count of burglary of a habitation with intent to commit assault, and one count of burglary of a habitation with intent to commit theft. The indictment also contained a repeat offender notice based on Hines's prior conviction for burglary of a habitation with intent to commit sexual assault. At trial, the State presented evidence that Hines broke into the apartment of his friend's girlfriend while she was asleep and put his hand inside her pants. When she awoke, Hines told her, "Oh, my bad. I didn't know you were awake," and he ran out of the apartment. A jury convicted Hines of the lesser-included offense of burglary with intent to commit assault.

The trial court granted Hines's request that a pre-sentence investigation report ("PSI") be prepared. At the sentencing hearing in front of the trial court, Hines pleaded true to the repeat offender allegation. The trial court admitted the PSI into evidence without objection and, at the conclusion of the hearing, sentenced Hines to fifty years' confinement.

## III. EXTRANEOUS OFFENSE EVIDENCE

In his first point, Hines argues that the trial court abused its discretion by considering extraneous offenses mentioned in the PSI because they were not proven beyond a reasonable doubt and because his statements admitting to those offenses were taken in violation of his constitutional right against self-incrimination. *See* U.S. Const. amends. V, XIV; Tex. Code Crim. Proc. Ann. art.

2

37.07, § 3 (West Supp. 2013) (providing for admission of extraneous offense evidence when offense shown beyond a reasonable doubt to have been committed by defendant).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Generally, constitutional errors are forfeited by failure to object at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Here, as the State points out, Hines's defense attorney stated that he had "[n]o objection" when the State offered the PSI into evidence and Hines did not otherwise object to any portion of the PSI during the punishment stage of trial. Thus, Hines has not preserved his point for appeal. *See* Tex. R. App. P. 33.1(a)(1); *Reyes v. State*, 361 S.W.3d 222, 229–32 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding Fifth Amendment claim forfeited by defendant's failure to object to trial court's considering PSI report); *Wooden v. State*, 929 S.W.2d 77, 79 (Tex. App.—El Paso 1996, no pet.) (holding article 37.07 complaint forfeited because it was not raised at trial). We overrule Hines's first point.

3

### IV. PROPORTIONALITY OF SENTENCE

In his second point, Hines argues that his fifty-year sentence constitutes cruel and unusual punishment "considering a juvenile adjudication was the sole basis for enhancement, [he] had no adult criminal history, and the fact that no one was physically injured by the conduct alleged in this case."

Hines did not object that his sentence was disproportionate at the time it was imposed, nor did he raise this complaint in his motion for new trial.[2] We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Hines did not raise his complaint in the trial court, the complaint is forfeited.[3] We overrule Hines's second point.

---

[2]When the trial court asked if there was any legal reason why the sentence should not be pronounced, defense counsel stated that there was not.

[3]Even if we were to reach the merits of Hines's complaint, his punishment was within the statutory limits for the offense. *See* Tex. Penal Code Ann. § 12.42(b) (West Supp. 2013), § 30.02(c)(2) (West 2011). Punishment that is imposed within the statutory limits, and that is based upon the sentencer's informed normative judgment, is generally not subject to challenge for

## V. JURY VERDICT FORM

In his third point, Hines complains that the clerk's record does not contain the jury verdict form signed by the foreperson "to support the verdict in this case." However, after filing an appellate brief, Hines's appellate counsel filed a letter with this court acknowledging that the trial court had sealed the signed jury verdict form and that, since briefing, appellate counsel has seen the signed jury verdict form. Thus, we overrule Hines's third point as moot. *See*, *e.g.*, *Montgomery v. State*, Nos. 05-11-01200-CR, 05-11-01201-CR, & 05-11-01210-CR, 2013 WL 396287, at *1 (Tex. App.—Dallas Jan. 31, 2013, no pet.) (mem. op., not designated for publication) (deeming issue moot when supplemental record was filed containing items previously alleged to be missing).

## VI. CONCLUSION

Having overruled Hines's three points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 30, 2014

---

excessiveness except in "exceedingly rare" situations. *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).