

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00138-CR

CODY J. ANDERSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Cody J. Anderson appeals his conviction for two counts of aggravated sexual assault of a child under fourteen years of age. Anderson asserts one point on appeal. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. DISCUSSION

In his sole point, Anderson asserts that the State failed to provide him adequate notice of its intent to introduce extraneous-offense evidence of his prior, prolonged sexual relationship with his former common-law wife, who testified at the punishment phase of trial that she was fifteen-years old when their sexual relationship began. We conclude that Anderson failed to preserve any alleged error regarding this witness's testimony because he never lodged an objection to her testimony.

To have preserved error on his complaint for inadequate notice regarding the State's intent to introduce extraneous-offense, Anderson should have made a timely, specific objection in the trial court. *See* Tex. R. App. P. 33.1; *Gregory v. State*, 56 S.W.3d 164, 176 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd), *cert. denied*, 538 U.S. 978 (2003) (overruling complaint that State's notice of intent to introduce extraneous-offense evidence was inadequate because accused failed to lodge a timely, specific objection).

Here, the record does not reflect that Anderson lodged any objection to the alleged inadequate notice regarding the complained-of testimony. And Anderson does not argue that he did. Because Anderson failed to voice his complaint in the trial court, he has failed to preserve this complaint for appellate review. *See* Tex. R. App. P. 33.1; *Wooden v. State*, 929 S.W.2d 77, 79 (Tex. App.—El Paso 1996, no pet.) (holding that aggravated-robbery defendant forfeited alleged errors relating to admission of extraneous-offense evidence at punishment stage of trial

2

by failing to raise them at trial or at pretrial hearing).  We overrule Anderson's sole point.

## III. Conclusion

Having overruled Anderson's sole point on appeal, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 3, 2014