Mario C. MARTINEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–219–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 27, 1983.

Rehearing Denied Jan. 12, 1984.

---

Juan Magallanes, Brownsville, for appellant.

Renyaldo S. Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Mario C. Martinez appeals from his convictions by a Cameron County jury of aggravated rape, incest and indecency with a child. The jury assessed his punishment at imprisonment for 75 years for aggravated rape and 10 years for each of the other offenses. He brings forth four grounds of error for our consideration. We affirm.

We shall consider the second ground of error first. The appellant complains that the trial court should not have allowed his wife to testify over his objection. Tex.Code Crim.Proc.Ann. Art. 38.11 (Vernon 1979) sets forth the general rule that spouses may not testify against each other, but qualifies that rule with exceptions. One of these in Art. 38.11 is that a husband or wife may testify in a case involving any grade of assault or violence committed against any child of either under 16 years of age, or in any case where either spouse is charged with incest of a child of either. In the case before us, the evidence showed that the appellant engaged in a sexual act with his eight-year-old daughter. She testified that it hurt her. Although there were no bruises or lacerations found in a subsequent physical examination by a physician, the physician explained that their absence could have been due to healing during the two-week span prior to examination. The evidence showed assault sufficiently to justify admission of the wife's testimony. See, *Nelson v. State,* 612 S.W.2d 605, 607 (Tex. Cr.App.1981); Tex.Penal Code § 22.01(a)(3).

(Vernon Supp.1983). Appellant's second ground is overruled.

■ In the third ground of error Martinez complains that there was insufficient evidence of penetration to convict him of aggravated rape. To prove rape, the State must show there was sexual intercourse. Tex.Penal Code Ann. § 21.02 (Vernon 1974). "Sexual intercourse" means any penetration of the female sex organ by the male sex organ. Tex.Penal Code Ann. § 21.01(3) (Vernon 1974). Penetration between the labia of the female's private parts by the male sexual organ of the defendant is sufficient although the vagina was not entered. *Sherbert v. State,* 531 S.W.2d 636, 637 (Tex. Cr.App.1976). The victim's testimony alone is sufficient evidence of penetration. *Garcia v. State,* 563 S.W.2d 925, 928 (Tex.Cr. App.1978).

■ Martinez' daughter said, "he stuck his wiener in me." When asked what that meant, she said, "his pee-pee." She said he put it "where you pee." The child's mother explained that her daughter referred to a penis as a "pee-pee." She was not educated to use the correct terms. Upon examination, it was determined that the child's hymen was intact, making it impossible that a typical act of intercourse took place. Proof of a typical act of intercourse, however, is not necessary for a rape conviction. Viewing the evidence in the light most favorable to the verdict as we are required to do, *Simmons v. State,* 622 S.W.2d 111, 115 (Tex. Cr.App.1981), we find the evidence of penetration sufficient. The third ground is overruled.

■ The first ground of error complains that convictions of aggravated rape and incest violate the carving doctrine and the double jeopardy clause of the United States Constitution because the convictions were based on acts occurring within the same transaction. Texas has abandoned the carving doctrine. *Ex Parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Cr.App.

1982). We now decide double jeopardy questions under the rule enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> "(T)he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. *Ex Parte McWilliams,* supra. We now apply this test to the offenses of aggravated rape and incest. Tex.Penal Code Ann. § 25.02 (incest) requires proof of a relationship between the accused and the complainant. Sec. 21.-03(a)(5) (aggravated rape) requires proof of the complainant's age. The elements of the two offenses are such that each has its unique requirements for culpability. See *Nelson v. State,* supra. The two offenses, although they may be committed by the same conduct, are statutorily distinct and do not violate the *Blockburger* rule. The Texas Legislature has created two distinct statutory offenses and appellant's conduct has violated both provisions. See *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). The appellant's first ground of error is overruled.

■ In his fourth ground of error, appellant contends that he was erroneously convicted of several counts contained within the same indictment. We agree. The rule is well established that a defendant cannot be convicted for separate counts in the same indictment. As noted in *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978), "whenever a single indictment charges two or more distinct felonies in different counts, the accused may be convicted of only one count."[1]

*Ex Parte McWilliams,* supra, while explicitly authorizing multiple convictions arising from the same transaction, did not

---

1. The rule has been statutorily abolished with respect to certain property offenses. Tex.Penal

Code Ann. §§ 3.01–3.04 (Vernon 1974).

address the procedural question of whether multiple indictments were required, since in that case the defendant had been separately indicted for each offense. Nor was the question raised in *Ex Parte Wornell*, 633 S.W.2d 904 (Tex.Cr.App.1982), wherein the defendant was separately indicted and the causes tried together. Although *Ex Parte McWilliams* abolished the carving doctrine, the rule that the defendant may be convicted for only one offense from each indictment has not been changed by either the Court of Criminal Appeals or the Legislature. For that reason, we must reform the judgment to reflect a conviction of the first count, for which the appellant was first sentenced, and strike down the convictions for the remaining two counts. See *Ex Parte Easley*, 490 S.W.2d 570 (Tex.Cr.App. 1982); *Garcia v. State*, supra. The judgment of the trial court is reformed to show that appellant is convicted only of the offense of aggravated rape. As reformed, the judgment is AFFIRMED.