Charles M. SPENCER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0116–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1984.

**252**

Alvin Titus, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Jack Millin, Harris County Asst. Dist. Attys., Houston, for appellee.

Before LEVY, DOYLE and DUGGAN, ·JJ.

OPINION

LEVY, Justice.

This appeal arises from appellant's conviction for two counts of aggravated robbery, one count of aggravated sexual abuse, and one count of burglary of a habitation. Trial was to the court which assessed punishment at 60 years confinement on each count.

Appellant's second ground of error contests the sufficiency of the evidence to support the court's verdict on the aggravated robbery of the second complainant.

All charges arose out of a single incident. The two complainants, V___ P___ and M___ L___, were watching television with another individual in the bedroom of V___ P___'s apartment. The outside door to the apartment was left unlocked in anticipation of the arrival of another friend. The three then observed appellant, a stranger, enter the bedroom carrying M___ L___'s purse, which had been left in the living room. Appellant rummaged through the purse demanding money. He took money from this and from V___ P___'s purse. Appellant, unarmed at the outset, retrieved first a fork and later a butcher knife from the kitchen. Wielding the knife, he forced V___ P___ to perform oral sex on him. He then left the apartment, threatening additional harm if the incident were reported to the police.

Appellant complains that there was insufficient evidence to prove the aggravated robbery of M___ L___. He asserts that the evidence showed that the theft of her property and threats against her were completed by the time he armed himself with the knife and concludes that the evidence did not support the aggravating element of the offense, the use of a deadly weapon.

■ The second count of the indictment charged:

It is further presented that in Harris County, Texas, CHARLES MICHAEL SPENCER, hereafter styled the Defendant heretofore on or about, June 23, 1983, did then and there unlawfully while in the course of committing theft of property owned by M___ L___, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a knife.

Although charged in the conjunctive, the state may satisfy its burden of proof by proving one element in any conjunctive phrase. *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Crim.App.1981). Viewed in this perspective, the state could prove the offense charged by demonstrating that appellant, with the intent to maintain control of M___ L___'s property, knowingly placed her in fear of imminent bodily injury by exhibiting a knife.

■ We find that the evidence would support such a finding, i.e., that appellant exhibited the knife with an intent to facili-

tate the retention of the complainant's property knowing that this action would place her in fear of imminent bodily injury. M⸺ L⸺ testified that the display of the butcher knife had this effect on her. We therefore find the evidence sufficient to support the conviction. *See Beasley v. State*, 634 S.W.2d 320 (Tex.Crim.App.1982); *Drake v. State*, 634 S.W.2d 16 (Tex.App.— Eastland 1982, pet. ref'd). Appellant's second ground is overruled.

■ Appellant's first ground contends that the trial court erred in convicting him on all four counts because they were improperly joined into one indictment. Appellant asserts that only multiple offenses against property, described in Tex.Penal Code Ann. sec. 3.01 (Vernon 1974), may be so joined. This view is incorrect. The state may charge two or more offenses in separate counts of a single indictment if the offenses arise out of the same criminal transaction. *Meeks v. State*, 653 S.W.2d 6 (Tex.Crim.App.1983). Appellant made no motion to sever the trial of these offenses.

The question still remains whether the court could properly return convictions on all four offenses. Appellant contends that the charges of aggravated sexual abuse and burglary cannot stand because they are not part of the same "criminal episode" as defined in Penal Code sec. 3.01. *See Jordan v. State*, 552 S.W.2d 478 (Tex.Crim.App.1977). The state counters that the rule against multiple convictions from a single indictment was implicitly overruled with the abandonment of the carving doctrine. *See Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex.Crim.App.1982) (op. on reh'g.), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982).

■ The rule prohibiting the return of multiple convictions from a single indictment has a long history in this state and we would be hesitant to find it repealed by implication. It is unnecessary for us to determine the procedural ramifications of *McWilliams*, however. That question has been addressed and resolved in appellant's favor. Whenever a single indictment charges two or more distinct felonies in

different counts and those offenses are not part of the same criminal episode as defined in section 3.01 of the Penal Code, the accused may be convicted of only one count. *Martinez v. State*, 662 S.W.2d 393 (Tex.App.—Corpus Christi 1983, pet. ref'd.).

The judgment of the trial court is reformed to show appellant was convicted for two aggravated robberies. As reformed, the judgment is affirmed.

DOYLE, J., participating.

DUGGAN, J., dissenting.

DUGGAN, Justice, concurring in part and dissenting in part.

I concur with the majority's action overruling appellant's second ground of error. I respectfully dissent from the action taken on appellant's first ground of error, whereby the majority reforms the judgment below to show conviction on the two counts of aggravated robbery, but dismisses the two counts charging aggravated sexual abuse and burglary of a habitation.

All four offenses set out in the four separate counts of the single indictment arose from a single incident or episode. Since the abolition of the carving doctrine in *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.1980) (op. on reh'g), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982), appellant may be held to answer for each of these crimes. The majority bases its reformation and dismissal of two of appellant's four convictions on procedural grounds, citing *Martinez v. State*, 662 S.W.2d 393 (Tex.App.—Corpus Christi 1983, pet. ref'd). Although *Martinez* discusses *McWilliams*, it bases its decision strictly on pre-*McWilliams* precedent.

I believe the rule against multiple convictions from a single indictment is based on the carving doctrine. With the abandonment of carving in *Ex Parte McWilliams*, there is no longer any reason to prohibit such multiple convictions. I believe the proper outcome of the instant case is not

·found through the rule of stare decisis but in the principle that when the reason for a rule ceases to exist, so should the rule itself. I would overrule appellant's first ground of error and affirm the judgment showing conviction on all four counts.

Before BULLOCK, COHEN and BASS, JJ.