Beasley v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00042-CR







Lawrence Beasley, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT 


NO. 0942416, HONORABLE JON N. WISSER, JUDGE PRESIDING







 A jury convicted appellant of robbery and assessed punishment at thirty-two years'
imprisonment. Tex. Penal Code Ann. § 29.02 (West 1994). (1) In four points of error, appellant
contends: (1) the evidence at trial was legally insufficient to prove he was a party to the offense;
(2) the evidence at trial was legally insufficient to support a conviction of robbery; (3) the jury
instructions did not conform to the indictment; and (4) the trial court improperly admitted
evidence of appellant's extraneous bad acts. We will affirm the judgment of conviction.



BACKGROUND


 Donald Thomas testified at trial that on February 28, 1994, at approximately 2:00
p.m., he cashed a $1300 cashier's check at a local bank. Upon leaving the bank, appellant, Chris
Fagan, and a third person identified only as "Say-Say," approached Thomas in a gray Hyundai
vehicle and offered to give him a ride. Thomas accepted. The men drove him to a nearby
apartment complex where they dropped him off. At trial, Thomas identified appellant as the
driver of the car.

 After making several stops in the area on foot, Thomas took a city bus home. 
While walking from the bus through a neighboring apartment complex, Thomas testified that
Fagan and the man identified as "Say-Say" grabbed him from behind and began choking and
hitting him. When Thomas fell to the ground, his assailants took approximately $1300 from his
pocket and ran away. Thomas pursued his attackers, but they escaped to a waiting gray Hyundai
vehicle. However, before the car sped from the scene, Thomas shattered one of the back windows
with a pipe.

 Thomas testified that the gray Hyundai vehicle was the same one in which he had
ridden earlier that afternoon and that once again, appellant was the driver. When police arrived
on the scene, Thomas described the three men to the responding officer, including the first name
of one of his assailants as "Larry or Lamont." Appellant's first name is Lawrence. Thomas later
identified appellant in a photo lineup and at trial as one of the men who robbed him.

 Fagan, one of the attackers and therefore an accomplice, also testified at trial about
the circumstances surrounding the robbery. However, Fagan's testimony differed in detail from
that of Thomas. Fagan directly implicated appellant in the robbery not only as the "get-away"
driver, but as an actual assailant as well. Appellant did not testify.



DISCUSSION


 In his first point of error, appellant challenges the legal sufficiency of the evidence
to prove whether he robbed Thomas. Appellate review of the legal sufficiency of the evidence
is limited to determining whether, viewing the evidence in the light most favorable to the jury's
verdict, a rational trier of fact could have found beyond a reasonable doubt the essential elements
of the crime charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Villalon v. State, 791
S.W.2d 130, 132 (Tex. Crim. App. 1990). The standard of review is the same in both
circumstantial and direct evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.
1991). The jury is the trier of fact and the exclusive judge of the credibility of the witnesses and
the weight to be given their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). The
jury is free to accept all or any part of the evidence presented by either party. See Saxton v. State,
804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

 It is not the reviewing court's duty to disregard, realign, or weigh the evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The appellate court must
consider all the evidence admitted. Nickerson v. State, 810 S.W.2d 398, 400 (Tex. Crim. App.
1991). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact
believes the evidence, an appellate court is not in position to reverse the conviction due to legally
insufficient evidence. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

 Appellant alleges that the record evidence is legally insufficient to prove he was
a party to the robbery. First, appellant contends that, because of the discrepancies in Fagan's and
Thomas' testimony, Fagan's accomplice testimony is uncorroborated and therefore inadmissible
for assessing guilt. See Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (conviction may not
rest solely on uncorroborated accomplice witness testimony). Second, appellant contends that
Thomas' testimony alone is insufficient to prove he was a party to the robbery. Specifically,
appellant claims Thomas' testimony recites that he was merely present at the scene of the crime,
sitting in the car which was used by his attackers to escape.

 Concerning Fagan's testimony, article 38.14 of the Texas Code of Criminal
Procedure provides that Fagan's accomplice testimony cannot be used to support a conviction,
unless corroborated by other evidence tending to connect the defendant with the crime. 
Moreover, corroboration is not sufficient if it merely shows commission of the offense. Id.

 The test for sufficiency of the corroboration is to eliminate from consideration the
evidence of the accomplice witness and to examine the evidence of other witnesses to determine
whether there is any inculpatory evidence which tends to connect the defendant with the crime. 
Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988). The Court of Criminal Appeals
has articulated several factors for assessing the sufficiency of the corroborating evidence:



All of the facts and circumstances in evidence may be looked to as furnishing the
corroboration necessary. The corroborative evidence may be circumstantial or
direct. The combined cumulative weight of the incriminating evidence furnished
by the non-accomplice witnesses which tends to connect the accused to the offense
supplies the test. It is not necessary that the corroboration directly link the accused
to the crime or be sufficient in itself to establish guilt.



Id. at 126 (citations omitted).

 Appellant correctly observes that evidence merely showing the commission of an
offense is not sufficient alone to corroborate an accomplice witness's testimony, nor is proof that
the accused was at or near the scene of the crime at or about the time of its commission. Id. at
126-27. However, when coupled with other suspicious circumstances, such evidence may tend
to connect the accused to the crime so as to furnish sufficient corroboration of the accomplice
witness. Id.

 The following non-accomplice testimony was presented to the jury: (1) Thomas
testified he was robbed of approximately $1300. (2) Thomas testified that he cashed a cashier's
check for $1300 at a local bank at approximately 2:00 p.m. on February 28, 1994. Twila
Wellington, a bank employee, also testified that Thomas cashed a cashier's check for $1300 at
approximately 2:00 p.m. on February 28, 1994. (3) Thomas testified that he rode in appellant's
gray Hyundai vehicle only hours before the robbery. He also testified his attackers used the same
gray Hyundai, again driven by the appellant, to escape from the crime scene. (4) Thomas testified
that appellant drove the gray Hyundai over to pick up one of his attackers. (5) Thomas testified
that the doors of the waiting gray Hyundai were slightly cracked, ready for his attackers to jump
in the car. (6) Thomas testified that during the robbery he was physically attacked, specifically
that he was grabbed and choked and repeatedly hit about the head and body. Travis County
Deputy Sheriff Charles Jones, the officer dispatched to investigate the robbery, testified that he
personally observed bruises and scratches on Thomas. (7) Thomas testified that he struck the
back window of the gray Hyundai as it sped away. Austin Police Officer Cynthia Seago testified
that on March 15, 1994, approximately two weeks after the robbery, she stopped appellant's gray
Hyundai vehicle for a minor traffic violation. Seago testified that appellant was driving and the
back passenger or back hatch back window was broken out. (8) Lastly, Thomas identified
appellant from a police lineup without hesitation. He also identified appellant at trial as one of
his attackers and the driver of the gray Hyundai.

 The combined cumulative weight of the non-accomplice evidence clearly
corroborated appellant's role in the robbery. Because the jury was instructed as to the law
governing criminal responsibility of another, it is of no legal consequence whether Beasley was
an actual assailant, as described by Fagan, or the "get-away" driver as testified to by both Thomas
and Fagan. See Tex. Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (West 1994). (2) Corroboration only
requires sufficient evidence to link the accused to the actual crime itself. The non-accomplice
evidence need not corroborate every detail and the precise version of the accomplice witness's
testimony. If the law required accomplice testimony to be verified on every detail, the testimony
of the accomplice would be valueless. Reed, 744 S.W.2d at 126 (quoting Reynolds v. State, 489
S.W.2d 866, 872 (Tex. Crim. App. 1972)). The independent evidence implicates appellant in the
robbery. The credibility of Fagan's specific version of the events was for the jury to decide.

 Moreover, based on the evidence summarized above, we believe the non-accomplice testimony, standing alone, entitled the jury to have believed that appellant assisted in
the commission of the robbery by aiding the actual assailants in the role of "get-away" driver. 
Again, under Texas law, this is sufficient to support a robbery conviction. See Penal Code
§§ 7.01(a), 7.02(a)(2). Viewing all the evidence in the light most favorable to the verdict, we
hold the evidence sufficient for a rational trier of fact to have found appellant guilty beyond a
reasonable doubt. Accordingly, we overrule appellant's first point of error.

 Appellant next advances two related arguments in points of error two and three. 
First, he contends that the trial court erred in submitting jury instructions that did not conform to
the indictment. Specifically, he complains that the indictment alleges the attackers injured Thomas
with a "beer bottle and a hand" and the charge allowed the jury to convict if it found Thomas was
injured only with a hand. Second, appellant alleges there was insufficient evidence to support the
conviction because there was no evidence to prove the assailants struck Thomas with a "beer
bottle and a hand." Because the points of error are closely connected, we shall consider them
together.

 The indictment charged that: "Lawrence Beasley on or about the 28th day of
February . . . while in the course of committing theft of property and with intent to obtain and
maintain control of the property, intentionally and knowingly caused bodily injury to Donald
Thomas by hitting Donald Thomas with a beer bottle and with a hand." In contrast, the charge
to the jury only made reference to injuring Thomas with a hand. Appellant argues that the
charge's rewording was a diminution of the State's burden of proof.

 It is well settled that the State may plead its theories of how a crime was committed
in the conjunctive and the trial court may charge the jury in the disjunctive. Anderson v. State,
717 S.W.2d 622, 631-32 (Tex. Crim. App. 1986); Zanghetti v. State, 618 S.W.2d 383, 387-88
(Tex. Crim. App. 1981). Likewise, although the defendant may be charged in the conjunctive,
the State may satisfy its burden of proof by proving one element in any conjunctive phrase. 
Zanghetti, 618 S.W.2d at 387-88; Spencer v. State, 681 S.W.2d 251, 252 (Tex. App.--Houston
[1st Dist.] 1984, no pet.).

 Thus, the means of committing the offense could have been submitted disjunctively,
and the jury could have convicted appellant if it found either a hand or a beer bottle were used in
the robbery. By deleting the "beer bottle" allegation, the trial court did not lessen the burden on
the State. No evidence was presented at trial to indicate that the assailants used a beer bottle to
injure Thomas during the robbery. Therefore, the trial court was correct in not submitting that
matter to the jury.

 Moreover, we believe the evidence is sufficient to prove that one or more of the
assailants caused bodily injury to Thomas during the course of the robbery by use of a hand. 
Again, the critical inquiry on review of the legal sufficiency of the evidence to support a criminal
conviction is whether the record evidence could reasonably support a finding of guilt beyond a
reasonable doubt. Jackson, 433 U.S. at 318-19; Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Crim. App. 1981). Thomas testified he was hit in the face and ribs and Fagan grabbed and
choked him during the robbery. Deputy Sheriff Jones also testified he observed bruises and
scratches on Thomas immediately after the incident. This evidence entitled a reasonable jury to
conclude that Thomas was injured during the course of the robbery by the use of a hand. 
Accordingly, we overrule appellant's second and third points of error.

 Appellant's fourth point of error focuses upon the admissibility of the testimony
of Travis County Deputy Sheriff Richard Dickson. When transporting appellant and Fagan from
the jail to the courthouse on the second day of trial, Dickson overheard appellant make a series
of incriminating statements. Dickson testified at trial as follows:



Well, as [appellant] was getting out of the bus he started hollering at Mr. Fagan
in the back about being down with the police and not being a real inmate. He was
just here as a cover up and a real nigger would not do that kind of stuff, and he
just kept going on and on and I finally advised him -- . . . I advised [appellant]
several times to sit down and face the front and keep quiet. He continued to turn
around and talk to the inmates. I told him not to talk to Mr. Fagan, so he said that
he was just talking to the other inmates about Mr. Fagan testifying. 



Appellant complains that Dickson's testimony was not relevant, but if relevant, then its prejudicial
value clearly outweighed its probative value. See Tex. R. Crim. Evid. 401-404.

 Evidence that the accused threatened a witness and attempted to coerce the
witness's testimony is admissible to show the accused's "consciousness of guilt" and to prove that
he or she committed the act charged. Brown v. State, 657 S.W.2d 117, 119 (Tex. Crim. App.
1983) (threats against witness's family); Torres v. State, 794 S.W.2d 596, 598-599 (Tex.
App.--Austin 1990, no pet.). This Court commented on the significance of "consciousness of
guilt" in Torres:



"A `consciousness of guilt' is perhaps one of the strongest kinds of evidence of
guilt. It is consequently a well accepted principle that any conduct on the part of
a person accused of a crime subsequent to its commission, which indicates a
`consciousness of guilt' may be received as a circumstance tending to prove that
he committed the act with which he is charged."



Torres, 794 S.W.2d at 598 (quoting 2 R. Ray, Law of Evidence § 1538, at 242 (Texas Practice
1980)).

 In the instant cause, appellant's verbal exchange with Fagan concerning his being
a witness for the State shows that appellant was aware of the contents of Fagan's testimony and
its potential to damage his defense. We find that appellant's statements to Fagan went to his
"consciousness of guilt" and are therefore relevant.

 Appellant also argues that the evidence should be excluded because its danger of
unfair prejudice substantially outweighs its probative value. See Tex. R. Crim. Evid. 403. Under
Rule 403 a trial court should admit relevant evidence unless the probative value of that relevant
evidence is substantially outweighed by the danger of unfair prejudice to a defendant. Tex. R.
Crim. Evid. 403; McFarland v. State, 845 S.W.2d 824, 841 (Tex. Crim. App. 1992), cert.
denied, 113 S. Ct. 2937 (1993); Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App.
1990). Rule 403 favors the admission of relevant evidence and implies a presumption that
relevant evidence will be more probative than prejudicial. Green v. State, 840 S.W.2d 394, 410
(Tex. Crim. App. 1992), cert. denied, 507 U.S. 1020 (1993); Montgomery, 810 S.W.2d at 389.

 We review a trial court's ruling under Rule 403 using an abuse of discretion
standard. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App.), cert. denied, 114 S. Ct. 445
(1993). A reviewing court may reverse a trial court's evidentiary decision only when the court
acted in an unreasonable or arbitrary manner or outside the zone of reasonable disagreement. See
Richardson v. State, 879 S.W.2d 874, 881 (Tex. Crim. App. 1993), cert. denied, 115 S. Ct. 741
(1995); Montgomery, 810 S.W.2d at 391. Moreover, a reviewing court may not reverse for abuse
of discretion simply because it disagrees with the trial court's decision if that decision was within
the trial court's discretionary authority. See Montgomery, 810 S.W.2d at 391.

 We believe Dickson's testimony does have probative value. Appellant's statements
directly relate to his knowledge of Fagan's testimony and its potential to damage his defense and
to his own consciousness of guilt. The only question remaining is whether the danger of unfair
prejudice outweighs the probative value of this evidence.

 Admittedly, intimidating a witness may be considered prejudicial and inflammatory. 
However, this alone does not render the evidence inadmissible. It is only when the danger of
unfair prejudice substantially outweighs the probative value that it must be excluded. See Tex.
R. Crim. Evid. 403. We conclude that the trial court's ruling was within the zone of reasonable
disagreement. Ultimately it was for the jury to decide what appellant meant by his statement and
its significance to the issue of guilt. We overrule appellant's fourth point of error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial
court's judgment of conviction.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 24, 1996

Do Not Publish

1. [1]  This offense took place before September 1, 1994 and is governed by the law in effect at
the time the offense allegedly occurred. Because the code amendments effective September 1,
1994 have no substantive effect on this offense, we cite the current code for convenience.
2. [2]  Section 7.01(a) provides:


A person is criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or by both.


Tex. Penal Code Ann. § 7.01(a) (West 1994).


Section 7.02(a)(2) provides:

 

(a) A person is criminally responsible for an offense committed by the conduct of
another if:

 

 (2) acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense;


Tex. Penal Code Ann. § 7.02(a)(2) (West 1994).


Texas Practice
1980)).

 In the instant cause, appellant's verbal exchange with Fagan concerning his being
a witness for the State shows that appellant was aware of the contents of Fagan's testimony and
its potential to damage his defense. We find that appellant's statements to Fagan went to his
"consciousness of guilt" and are therefore relevant.

 Appellant also argues that the evidence should be excluded because its danger of
unfair prejudice substantially outweighs its probative value. See Tex. R. Crim. Evid. 403. Under
Rule 403 a trial court should admit relevant evidence unless the probative value of that relevant
evidence is substantially outweighed by the danger of unfair prejudice to a defendant. Tex. R.
Crim. Evid. 403; McFarland v. State, 845 S.W.2d 824, 841 (Tex. Crim. App. 1992), cert.
denied, 113 S. Ct. 2937 (1993); Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App.
1990). Rule 403 favors the admission of relevant evidence and implies a presumption that
relevant evidence will be more probative than prejudicial. Green v. State, 840 S.W.2d 394, 410
(Tex. Crim. App. 1992), cert. denied, 507 U.S. 1020 (1993); Montgomery, 810 S.W.2d at 389.

 We review a trial court's ruling under Rule 403 using an abuse of discretion
standard. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App.), cert. denied, 114 S. Ct. 445
(1993). A reviewing court may reverse a trial court's evidentiary decision only when the court
acted in an unreasonable or arbitrary manner or outside the zone of reasonable disagreement. See
Richardson v. State, 879 S.W.2d 874, 881 (Tex. Crim. App. 1993), cert. denied, 115 S. Ct. 741
(1995); Montgomery, 810 S.W.2d at 391. Moreover, a reviewing court may not reverse for abuse
of discretion simply because it disagrees with t