**Ex parte Francisco Javier ROMERO.**

No. 04–96–00710–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1997.

Ada Cronfel, Webb County Public Defender's Office, Assistant Public Defender, Laredo, for appellant.

Jose M. Rubio, Jr., Webb County District Attorney, Ernesto A. Garcia, Assistant District Attorney, Laredo, for appellee.

Before HARDBERGER, C.J., and DUNCAN and ANGELINI, JJ.

DUNCAN, Justice.

Appellant, Francisco Javier Romero ("Romero"), appeals from the trial court's denial of his request for habeas corpus relief. Romero contended in his pre-trial writ of habeas corpus that his prosecution for entering a school premises with a firearm was barred by double jeopardy due to his prior conviction for unlawfully carrying a weapon. After an evidentiary hearing, the trial court denied the writ. We affirm.

█ Although Romero contends double jeopardy bars his prosecution for both offenses since they arose from the same incident, Romero acknowledges in his brief that double jeopardy does not preclude the prosecution of two offenses arising out of the same transaction if each offense contains an element not contained in the other.[1] *Rice v. State*, 861 S.W.2d 925, 925 (Tex.Crim.App. 1993). Under those circumstances, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

█ Although not discussing the offenses for jeopardy purposes, prior cases have distinguished the two offenses at issue here because unlawful carrying requires *culpable*

---

1. The elements for unlawfully carrying weapons are: (a) a person intentionally, knowingly or recklessly carries; (b) on or about his person; (c) a handgun, illegal knife, or club. Tex.Pen.Code § 46.02(a) (Vernon 1994). The elements for entry in places where weapons are prohibited are: (a) with a firearm, illegal knife, club or prohibit- ed weapon listed in Section 46.05(a); (b) a person intentionally, knowingly or recklessly goes; (c) on the physical premises of school unless pursuant to written regulations or written authorization of the institution. Tex.Pen.Code § 46.03(a) (Vernon Supp.1997).

*possession* while entry where weapons are prohibited requires *culpable entry.* *See Uribe v. State,* 573 S.W.2d 819, 821–22 (Tex. Crim.App.1978); *Huff v. State,* 678 S.W.2d 236, 239 (Tex.App.—Corpus Christi 1984, no pet.). Where two statutes have different culpability requirements, conviction of both offenses does not violate the *Blockburger* rule. *Martinez v. State,* 662 S.W.2d 393, 395 (Tex. App.—Corpus Christi 1983, pet. ref'd). Accordingly, because the two offenses at issue in this appeal have different culpability requirements, we hold that conviction of both offenses is not jeopardy barred. Therefore, we affirm the judgment of the trial court.