TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00415-CR






Angel Rene Martinez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0974998, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 Appellant was tried under an indictment charging him with one count of aggravated
assault and one count of possession of a firearm by a felon. See Tex. Penal Code Ann.
§§ 22.01(a)(2), 46.04 (West 1994). After finding appellant guilty on both counts, the jury
assessed punishment, enhanced by a prior felony conviction, at confinement for fifty years on the
aggravated assault offense. Punishment on the possession of a firearm by a felon conviction was
assessed at confinement for ten years. Appellant asserts three points of error, contending that
error occurred in the trial court because: (1) the double jeopardy provision contained in Article I, 
Section 14 of the Texas Constitution was violated when appellant was convicted on both charges
that involved the same conduct and the same incident; (2) appellant's conviction on both counts
violated the Fifth and Fourteenth Amendments of the United States Constitution; and (3) the
evidence is legally insufficient to support appellants conviction of possession of a firearm by a
felon. We will affirm.

 Appellant offers no argument that the Texas Constitution double jeopardy clause
differs from or offers broader protection than the Fifth and Fourteenth Amendments. Landers v.
State, 957 S.W.2d 558, 559-60 (Tex. Crim. App. 1997), cited by appellant, merely adopted a rule
in misjoinder cases whereby the conviction in the more serious offense is upheld and the remaining
conviction for a lesser offense is vacated. Consequently, we apply the rule set forth in
Blockburger v. United States, 284 U.S. 299, 304 (1932) to determine whether a prosecution
violates the protection against multiple punishments. See McDuff v. State, 943 S.W.2d 517, 524
(Tex. App.--Austin 1997, pet. ref'd). Blockburger provides:


The applicable rule is that where the same act or transaction constitutes a violation
of two distinct statutory provisions, the test to be applied to determine whether
there are two offenses or only one, is whether each provision require proof of a
fact which the other does not.


Blockburger 284 U.S. at 304.

 At trial there may be a substantial overlap in the proof of each offense; however,
it is the separate statutory elements of each offense that must be examined under the Blockburger
test. See McDuff, 943 S.W.2dat 524. The court is required to focus on the elements of the
offense, not on the evidence adduced at trial. Id. at 524 . Parrish v. State, 869 S.W.2d 352 (Tex.
Crim. App. 1994), considered the meaning of the same-elements test. The Parrish court stated:


We likewise think it reasonably clear from the various opinions . . . that the
essential elements relevant to a jeopardy inquiry are those of the charging
instrument, not of the penal statute itself. Statutory elements will, of course,
always make up a part of the accusatory pleading, but additional nonstatutory
allegations are necessary in every case to specify the unique offense with which the
defendant is charged.


Id. at 354.

 The first paragraph of the indictment in the instant cause alleged that appellant did
there intentionally and knowingly:

 

. . . threaten another, namely, Steve Maldonado, with imminent bodily injury, and
the said Angel Rene Martinez did then and there use and exhibit a deadly weapon,
to-wit: a firearm, during the commission of the aforesaid assault.


The second paragraph of the indictment alleged in pertinent part that appellant did then and there
intentionally:

 

. . . possess a firearm, to-wit: a handgun, and prior to the commission of said act,
the said Angel Rene Martinez had been convicted of the felony offense of Sexual
Assault, on the 20th day of June, 1994, in Cause number 92-2942 in the 147th
Judicial District Court of Travis County, Texas, and the possession of the firearm
as alleged above was after conviction for said felony and before the fifth
anniversary of the release of the said Angel Rene Martinez from confinement and
parole.


 When the elements of the two offenses are such that each has its unique
requirements for culpability the Blockburger test is satisfied. See Martinez v. State, 662 S.W.2d
393, 395 (Tex. App.--Corpus Christi 1983, pet. ref'd). In Ex parte Romero, 943 S.W.2d 79
(Tex. App.--San Antonio 1997, no pet.), the defendant contended that his prosecution for entering
school premises with a firearm was barred by double jeopardy due to his prior conviction for
carrying a weapon. The Romero court rejected this contention, stating the offense of unlawfully
carrying requires culpable possession while entry where weapons are prohibited requires culpable
entry. See id. at 80.

 In the instant cause, the offense of aggravated assault requires culpable intent of
threatening another with imminent bodily injury while the offense of possession of a firearm
requires a culpable possession before the fifth anniversary of release from confinement. 
Appellant's first and second points of error are overruled.

 In his third point of error, appellant contends that the conviction for the offense of
unlawful possession of a firearm by a felon is not supported by legally sufficient evidence to show
the date of appellant's release from confinement or parole. Section 46.04 provides in pertinent
part:

 

(a) A person who has been convicted of a felony commits an offense if he
possesses a firearm:

 

 (1) after conviction and before the fifth anniversary of the person's release
from confinement following conviction of the felony or the person's
release from supervision under community supervision, parole, or
mandatory supervision, whichever date is later.


Tex. Penal Code Ann. § 46.04 (West 1994).

 Appellant contends that there was no evidence tying the period of incarceration to
the 1994 felony conviction. Nor was there any showing when appellant was released from prison,
nor the date from which he was released from parole. The application paragraph of the trial
court's charge on the possession count required the jury to find that appellant's possession of the
firearm was after his conviction on the 20th of June 1994, and before the fifth anniversary of the
release of appellant from confinement or parole.

 Steve Maldonado, the alleged victim in the instant cause, testified that on September
1, 1997, appellant pointed a loaded handgun at him and fired shots into the car Maldonado
occupied. Penitentiary papers admitted in evidence contained a judgment from the 147th Judicial
District Court of Travis County showing that appellant entered a plea of guilty to the offense of
sexual assault on March 15, 1993. The trial court assessed punishment at ten years probated and
75 days bootcamp. In addition, the pen papers included a judgment revoking probation on August
12, 1993, in which confinement was reduced to three years. Travis County deputy sheriff Manuel
Villanueva, a ten year veteran in fingerprint identification, compared fingerprints taken a few
minutes before testifying and fingerprints in appellant's pen papers. Villanueva found that the
prints belonged to "one and the same person."

 Appellant contends that the State has failed to prove the essential elements as to the
date appellant was released from prison or the date from which he was released on parole. We
find a succinct statement of statutory interpretation in Moore v. State, 981 S.W.2d 701 (Tex.
App.--Houston [1st Dist.] 1998, no pet.) applicable to the instant cause. The Moore court stated:

 

When interpreting a statute, we seek to carry out the intent of the legislature. 
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We first focus on
and attempt to apply the plain language of the statute. Id. However, we will not
apply the literal language in cases when application of the plain language would
lead to an absurd result. Id. In such a case, we need not apply the literal language,
but will attempt to interpret the statute to effect its intended result.


Id. at 706.

 The record before us contains the dates of the 1993 conviction, the judgment
revoking probation on the foregoing conviction, and the date of the instant offense on September
1, 1997. We hold that a construction of the statute to require evidence of the precise date of the
appellant's release under these circumstances would lead to an absurd result.

 Appellant's third point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Yeakel and Davis*

Affirmed

Filed: August 12, 1999

Do Not Publish














* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



e intent of
threatening another with imminent bodily injury while the offense of possession of a firearm
requires a culpable possession before the fifth anniversary of release from confinement. 
Appellant's first and second points of error are overruled.

 In his third point of error, appellant contends that the conviction for the offense of
unlawful possession of a firearm by a felon is not supported by legally sufficient evidence to show
the date of appellant's release from confinement or parole. Section 46.04 provides in pertinent
part:

 

(a) A person who has been convicted of a felony commits an offense if he
possesses a firearm:

 

 (1) after conviction and before the fifth anniversary of the person's release
from confinement following conviction of the felony or the person's
release from supervision under community supervision, parole, or
mandatory supervision, whichever date is later.


Tex. Penal Code Ann. § 46.04 (West 1994).

 Appellant contends that there was no evidence tying the period of incarceration to
the 1994 felony conviction. Nor was there any showing when appellant was released from prison,
nor the date from which he was released from parole. The application paragraph of the trial
court's charge on the possession count required the jury to find that appellant's possession of the
firearm was after his conviction on the 20th of June 1994, and before the fifth anniversary of the
release of appellant from confinement or parole.

 Steve Maldonado, the alleged victim in the instant cause, testified that on September
1, 1997, appellant pointed a loaded handgun at him and fired shots into the car Maldonado
occupied. Penitentiary papers admitted in evidence contained a judgment from the 147th Judicial
District Court of Travis County showing that appellant entered a plea of guilty to the offense of
sexual assault on March 15, 1993. The trial court assessed punishment at ten years probated and
75 days bootcamp. In addition, the pen papers included a judgment revoking probation on August
12, 1993, in which confinement was reduced to three years. Travis County deputy sheriff Manuel
Villanueva, a ten year veteran in fingerprint identification, compared fingerprints taken a few
minutes before testifying and fingerprints in appellant's pen papers. Villanueva found that the
prints belonged to "one and the same person."

 Appellant contends that the State has failed to prove the essential elements as to the
date appellant was released from prison or the date from which he was released on parole. We
find a succinct statement of statutory interpretation in Moore v. State, 981 S.W.2d 701 (Tex.
App.--Houston [1st Dist.] 1998, no pet.) applicable to the instant cause. The Moore court stated:

 

When interpreting a statute, we seek to carry out the intent of the legislature. 
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We first focus on
and attempt to apply the plain language of the statute. Id. However, we will not
apply the literal language in cases when application of the plain language would
lead to an absurd result. Id. In such a case, we need not apply the literal language,
but will attempt to interpret the statute to effect its intended result.