COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JACK GONZALEZ,                                             )

                                                                              )              
No.  08-02-00537-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20000D05163)

                                                                              )

 

 

O
P I N I O N

 

Jack Gonzalez
appeals his conviction for the offense of aggravated sexual assault of a
child.  A jury found him guilty of the
charged offense and sentenced him to 20 years=
imprisonment.  On appeal, Appellant
raises two issues:  first, that the
evidence is legally and factually insufficient to sustain his conviction
because it did not establish that the victim=s
mouth contacted Appellant=s
sexual organ, and because inconsistencies and contradictions in the evidence
rendered the verdict clearly wrong and unjust; and secondly, Appellant contends
that the trial court erred in denying Appellant=s
motion for a new trial based on jury misconduct.  We affirm.








Appellant was
charged with three counts of aggravated sexual assault of a child alleged to
have occurred in El Paso County between January 1994 and January 1998.  Appellant was accused of molesting his
nephew--the son of his stepsister.  The
victim, S.V., testified that he had known Appellant since birth, and that
Appellant was a familiar figure in his life. 
He stated that Appellant babysat for him and his siblings often when his
mother worked nights.  S.V. testified
that the first assaultive incident took place when he was approximately nine
years old.  His mother had gone to work
for the night, and he was sleeping in her bed with his one-year-old sister,
when Appellant entered the house.  S.V.
was laying with his face towards the wall when Appellant began to kiss his neck
and touch his genital area.  Appellant
pulled down S.V.=s pants
and engaged in anal intercourse for approximately five minutes.  While this was taking place, Appellant was
also masturbating S.V.  S.V. testified
that he did not cry out during this incident, because he did not want to scare
his sister and brother.

In 1996, S.V. and
his family moved to Colorado where his stepfather had been transferred.  Soon after, he returned to El Paso to visit
his father and grandmother, and while he was at his grandmother=s house, he went into a bedroom to take
a nap.  Appellant followed him into the
room and locked the door behind him, leaving his wife and son in another part
of the house.  S.V. was already laying on
the bed when Appellant entered. 
Appellant laid down on the bed and pushed him into a standing
position.  He then pulled S.V. towards
him, pushed S.V.=s head
towards his genital area, and forced S.V. to give him oral sex.  Appellant then stood up and pushed S.V. so
that he was leaning forward over the bed with his legs on the floor.  Appellant began anal intercourse, and though
S.V. initially told him to stop and tried to push him off, Appellant continued
the intercourse for five to ten more minutes. 
Appellant then forced S.V. to give him oral sex again.  He ejaculated in S.V.=s
mouth, cleaned up S.V.=s
mouth and his own penis, and left the room.








In 1998, S.V.
moved back to El Paso and attended a barbeque with his extended family.  S.V. noticed Appellant giving him sexual
signals such as touching his own genital area, which S.V. took to mean that Ahe was in the mood.@ 
When Appellant left the table and walked to the backyard, S.V. followed
and found Appellant masturbating against the back wall of the yard.  Appellant grabbed S.V. and pushed him to his
knees.  S.V. then gave Appellant oral sex
and Appellant ejaculated into S.V.=s
mouth.

S.V. never told
anyone about these and other similar incidents because he was ashamed and
afraid of his family=s
reaction.  In August 1999, S.V. intended
to take his own life and wrote a suicide note. 
His plan fell through, however, and his mother later found the note
containing descriptions of the sexual abuse he had experienced.  It was not until several months later, in
late October or early November, that S.V. told his mother that Appellant had
been the one assaulting him, and his mother convinced him to press charges.  She called the El Paso Police, but the
Colorado Police Department and Child Protective Services (ACPS@)
handled the initial investigation since he was living there at the time.  S.V. discussed with CPS personnel and a
Colorado police officer the long-term abuse he had been subjected to regularly
from the age of five or six to approximately thirteen.

Appellant
testified on his own behalf, offering a contradictory set of facts and denying
he had engaged in any wrongdoing or sexual activity with S.V. or his
brother.  Appellant testified that he had
known S.V. since his birth and that the extended family had always been
close.  Appellant claimed that he never
babysat S.V. and his siblings while his mother worked.  He also insisted that he had never seen S.V.
at any of the family barbeques held over the years, and was never alone with
S.V. (even when he lived with S.V. and his family in Colorado).  








Appellant
testified that S.V. was pressured by his mother into making false accusations
against him.  He said she did this
because she was angry at a financial disagreement they had years before, and
she was jealous being only a stepdaughter and not a full-fledged member of the
family.  He also suggested that she had
made similar accusations against another member of the family, and that this
was merely part of a pattern to try and break the family apart.  Appellant insisted that if he had assaulted
his nephews, he would confess before the jury because a person who would do
such a thing should not be part of the community.  Appellant contended, essentially, that all
the allegations against him were false and that the story was entirely
fabricated.

STANDARD OF REVIEW

In reviewing the
legal sufficiency of the evidence, the court must consider all the evidence,
state and defense, in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979).  This standard gives deference to
the trier of fact to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic to ultimate facts.  Jackson, 443 U.S. at 319, 99 S.Ct. at
2788-89.  We do not resolve any conflict
of fact or assign credibility to the witnesses, as it was the function of the
trier of fact to do so.  Adelman v.
State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992).  Instead, our duty is only to determine if the
findings of the trier of fact are rational by viewing all of the evidence
admitted at trial in a light most favorable to the verdict.  Adelman, 828 S.W.2d at 421-22.  As such, any inconsistencies in the evidence
are resolved in favor of the verdict.  Matson
v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).








In reviewing the
factual sufficiency of the evidence, we must consider all the evidence, but we
do not view it in the light most favorable to the verdict.  Clewis v. State, 922 S.W.2d 126, 129
(Tex.Crim.App. 1996).  Instead, we review
the evidence weighed by the fact finder that tends to prove the existence of
the elemental fact in dispute and compare it with the evidence that tends to
disprove the fact.  Johnson v. State,
23 S.W.3d 1, 7 (Tex.Crim.App. 2000).  A
defendant may raise a factual sufficiency challenge in one of two ways.  He may allege the evidence is so weak as to
be clearly wrong or manifestly unjust or, in a case where the defendant has
offered contrary evidence, he may argue that the finding of guilt is against
the great weight of the evidence.  Johnson,
23 S.W.3d at 11.  We are not free to
reweigh the evidence and set aside the verdict merely because we feel that a
different result is more reasonable.  Cain
v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).  What weight to give contradictory testimonial
evidence is within the sole province of the jury because it turns on an
evaluation of credibility.  Cain,
958 S.W.2d at 407.

Sufficiency of the Evidence








Appellant first
contends that the evidence was legally insufficient to find him guilty in that
it failed to prove beyond a reasonable doubt that he intentionally and
knowingly caused S.V.=s
mouth to contact his sexual organ.  In
order to be convicted of aggravated sexual assault, the State must prove that a
defendant intentionally or knowingly caused the penetration of the mouth of a
child under fourteen years of age with his sexual organ.  See Tex.Pen.Code
Ann. ' 22.021
(Vernon Supp. 2004).  Appellant asserts
that S.V.=s
testimony did not establish that his mouth touched Appellant=s penis.  Instead, he argues, the evidence merely
established that Appellant pushed S.V.=s
head towards his genital area and that S.V. started to perform oral
sex.   We disagree.

The testimony of a
victim, even when the victim is a child, is legally sufficient to support a
sexual assault conviction.  Ruiz v.
State, 891 S.W.2d 302, 304 (Tex.App.--San Antonio 1994, pet. ref=d); Martinez v. State, 662
S.W.2d 393, 395 (Tex.App.--Corpus Christi 1983, pet. ref=d);
Hellums v. State, 831 S.W.2d 545, 547 (Tex.App.--Austin 1992, no
pet.).  In the instant case, the victim=s testimony was sufficient to establish
that his mouth contacted Appellant=s
penis.  S.V. testified that Appellant
pushed his head Adown
towards his crotch@ and Astarted making me give him oral sex.@ 
This, combined with the testimony that he Adid
that for a little bit,@
and the fact that Appellant ejaculated and then cleaned up S.V.=s mouth sufficiently establishes the
required penetration.  S.V. did not need
to expressly state that his mouth contacted Appellant=s
sexual organ.  His statement that he gave
Appellant oral sex was sufficient for any rational jury to conclude that oral
penetration occurred beyond a reasonable doubt. 

Appellant also
argues that the inconsistencies in S.V.=s
testimony were so significant as to make the evidence factually insufficient
and the verdict clearly wrong and unjust. 
Appellant referred to several inconsistencies in S.V.=s testimony.  However, the only inconsistencies alleged by
Appellant of any relevance are S.V.=s
confusion about the terms Aejaculation@ and Amasturbation,@ and his inconsistency with respect to
the time frame in which the abuse took place. 
The former is not enough to declare the verdict factually
insufficient.  While he initially testified
that Appellant had ejaculated, he quickly corrected himself and clarified that
he meant Appellant had masturbated him. 
After that, he did not misuse the words again.  








With regard to the
time frame, S.V. was inconsistent in the years he reported the incidents
occurred, and how old he was at the time. 
He first stated that the second incident took place one or two years
after the first in 1994, but later testified that it took place in 1997.  Additionally, there were discrepancies
between his testimony about how old he was when this long-term abuse was
occurring, and the report written by Colorado Police.  The report said S.V. stated the abuse
occurred from the time he was six until he was ten years old.  During his direct examination, however, he
stated that it had continued until he was A13
or so.@  Texas has adopted the notion that the child
victims of violent crimes cannot be expected to testify with the same clarity
and ability as is expected of mature and capable adults.  Villalon v. State, 791 S.W.2d 130, 134
(Tex.Crim.App. 1990).  The fact that he
could not remember specific dates accurately surely falls under this
principle.  Additionally, his confusion
about the exact years and ages at which the abuse occurred does not detract
from his testimony about the abuse itself. 
He was consistent in describing Appellant=s
actions, and Appellant offers no evidence to the contrary.  The other inconsistencies referred to by
Appellant are immaterial.  They either
involved other incidents of abuse not at issue in this appeal, or were
unrelated to the substance of the allegations against Appellant.  They are therefore not sufficient to nullify
the verdict.








Even if these
inconsistencies did damage the substance of S.V.=s
allegations, they would not be enough to declare the verdict factually
insufficient.  It is within the province
of the jury to reconcile conflicts, contradictions, and inconsistencies in the
evidence, and such conflicts are not sufficient for reversal if there is enough
credible testimony to support the conviction. 
See Bowden v. State, 628 S.W.2d 782, 784 (Tex.Crim.App.
1982).  The jury is also the judge of the
credibility of the witnesses and can believe whatever parts of a witness=s testimony it chooses to believe.  Hitt v. State, 53 S.W.3d 697, 709
(Tex.App.--Austin 2001, pet. ref=d).  Here, the jury was presented with mildly
inconsistent testimony from S.V. and contradictory testimony from
Appellant.  They resolved any
inconsistencies in the testimony, and chose to believe S.V.  We can disagree with the jury=s determination only if all the
evidence demonstrates that Appellant=s
guilt was so obviously weak as to undermine our confidence in the verdict.  Hitt, 53 S.W.3d at 710.  The evidence supports the jury=s guilty verdict.  We therefore overrule Issue One.

In his second
issue, Appellant argues that the trial court abused its discretion by denying
his motion for new trial based on juror misconduct.  After the conclusion of the trial, one of the
prosecuting attorneys, Dereck Wyatt, sent a letter to the trial judge relaying
a conversation he had with a juror following the trial.  The juror said AI
didn=t really
know if there was enough evidence to legally convict the Defendant, but during
the whole trial, you seemed so angry that I thought there had to be something
to it, so I voted guilty.@  Appellant argues that by considering
something other than the evidence presented at trial in making his decision,
the juror engaged in misconduct such that Appellant was denied a fair and
impartial trial.  The validity of his
argument is lost, however, because he did not timely file the amended motion
for new trial.

The rules of
appellate procedure require an appellant to file a request for a new trial
within thirty days after sentencing in open court.  Tex.R.App.P.
21.4(a).  The rule also states, A[w]ithin 30 days after the date when
the trial court imposes or suspends sentence in open court   . . . a defendant may, without leave of
court, file one or more amended motions for new trial.@ 
Tex.R.App.P. 21.4(b).  [Emphasis added].  Appellant was sentenced on September 27,
2002.  He filed an initial motion for new
trial on October 25, 2002--within the required thirty days.  However, the issue in question for this
appeal, whether a new trial was warranted based on jury misconduct, was not
raised until an amended motion for a new trial was filed on November 1,
2002--four days after the statutory deadline. 









Appellant argues
that the language in the statute granting thirty days to file amendments without
leave of court does not preclude amendments being filed with leave
of court after that time.  We must
disagree.  We recently held that no
amended motion for new trial may be filed after the thirty-day statutory
period, even with leave of court, adhering to the interpretation of the Court
of Criminal Appeals.  Licon v. State,
99 S.W.3d 918, 926 (Tex.App.--El Paso 2003, no pet.).  See also Drew v. State, 743 S.W.2d
207, 222-23 (Tex.Crim.App. 1987); Dugard v. State, 688 S.W.2d 524,
529-30 (Tex.Crim.App. 1985).  Appellant
filed his amended motion four days after the thirty-day period and thus failed
to preserve the issue for appellate review. 
We therefore lack jurisdiction to consider Appellant=s argument on appeal.  Accordingly, Issue Two is overruled.

The trial court=s judgment is affirmed.

 

 

 

August
5, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)