NUMBER 13-03-212-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
JOSE LUIS ALVAREZ,                                                                Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
Following a jury trial, Jose Luis Alvarez was convicted of aggravated sexual assault
against a minor and indecency with a minor. He was sentenced to twenty-five years’
imprisonment for the assault and twenty years’ imprisonment for the indecency. Alvarez
now appeals his convictions by two issues: (1) the evidence is factually insufficient to
support his conviction for aggravated sexual assault and (2) the trial court erred by allowing
the victim’s father to testify as an outcry witness. We affirm the convictions.
I. Factual Sufficiency 
In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s finding
“shocks the conscience,” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder’s
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7.
Appellant argues that the evidence is factually insufficient because the medical
records produced at trial establish that the four-year-old victim’s hymen was intact after the
alleged assault occurred. According to appellant, this evidence contradicts the victim’s
testimony that he inserted a plastic doll into her vagina. We disagree. Contrary to
appellant’s assertions, the victim never said that appellant inserted the doll all the way into
her vagina. She said only that he put it into her private area. This statement was
supported by medical evidence that the victim had suffered genital trauma. 
A person commits aggravated sexual assault of a child if he intentionally or
knowingly penetrates the “sexual organ” of a child. See Tex. Penal Code Ann.
22.021(a)(1)(B)(i) (Vernon Supp. 2004–05). Penetration between the labia is sufficient to
prove penetration of the female sex organ, though the vagina was not entered. Sherbert
v. State, 531 S.W.2d 636, 637 (Tex. Crim. App. 1976); see Vernon v. State, 841 S.W.2d
407, 409 (Tex. Crim. App. 1992) (“[P]ushing aside and reaching beneath a natural fold of
skin into an area of the body not usually exposed to view, even in nakedness, is a
significant intrusion beyond mere external contact.”). Thus, proof that the victim’s hymen
is intact does not render evidence of penetration insufficient. See Martinez v. State, 662
S.W.2d 393, 395 (Tex. App.—Corpus Christi 1983, pet. ref’d). We conclude that the proof
of guilt is not so obviously weak as to undermine confidence in the jury’s determination and
is not greatly outweighed by contrary proof. See Johnson, 23 S.W.3d at 11. Appellant’s
first issue is overruled. II. Outcry Witness 
The second issue raised on appeal is whether the trial court erred by allowing the
victim’s father to testify as an outcry witness. At trial, appellant objected to the father’s
testimony as unreliable and not meeting the requirements of article 38.072 of the Texas
Code of Criminal Procedure. See Tex. Code Crim. Proc. art. 38.072 (Vernon Supp.
2004–05). According to appellant, the father’s testimony was unreliable because he stated
that the victim’s outcry took place on June 8, whereas the indictment alleged that the
offense occurred on June 15. Appellant also objected to the testimony as being unreliable
under article 38.072 because “the circumstances surrounding the outcry statement cast
a distrustful light on the outcry witness’s statements, including the unseemly reference to
the child’s genitals as her ‘goodies.’”
Although appellant contends that the outcry testimony was effectively used to
bolster the child’s claims and had an injurious influence on the jury’s determination of the
verdict, we conclude that the error, if any, in allowing the father to testify did not affect any
of appellant’s substantial rights. See Tex. R. App. P. 44.2(b). Admission of inadmissible
evidence is harmless if other evidence that proves the same fact that the inadmissable
evidence sought to prove is admitted without objection at trial. See Willis v. State, 785
S.W.2d 378, 383 (Tex. Crim. App. 1989). Such is the case here. The outcry testimony
was merely cumulative of other evidence admitted without objection. For instance, a nurse
trained to identify sexual assault testified that the victim had been assaulted, and the victim
herself testified to the details of the illicit sexual encounter. Accordingly, appellant’s second
issue is overruled. 
III. Conclusion 
The judgment of the trial court is affirmed. 
 
 
                                                                           _______________________
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 14th day of April, 2005.